**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ERIC DUDLEY, | ) | |
| v. | ) | Civil No. 26-982 |
| SOCLEAN, INC. | ) | |

# MEMORANDUM OPINION

## I. Introduction

Pending before the court are: (1) a motion to dismiss this case with prejudice (ECF No. 6) filed by defendant SoClean, Inc. ("SoClean"), with brief in support; (2) a motion for leave to file an amended complaint (ECF No. 10) filed by pro se plaintiff Eric Dudley ("Dudley"); (3) a motion to correct the motion for leave (ECF No. 12) filed by Dudley; (4) a motion to file a reply in support of the motion to dismiss (ECF No. 14) filed by SoClean; (5) a motion to accept filings as timely (ECF No. 16) filed by Dudley; (6) a motion for status conference (ECF No. 18) filed by Dudley; (7) a motion to expedite ruling (ECF No. 19) filed by Dudley[1]; and (8) a motion for order directing Philips to maintain settlement records (ECF No. 21) filed by Dudley. The parties filed numerous briefs (ECF Nos. 7, 9, 11, 15, 20). Because the court concludes that SoClean's motion to dismiss and Dudley's motion for leave to file an amended complaint are fully briefed and are dispositive, the court will not require full briefing on the remaining motions.

[1] Dudley also filed a Notice (ECF No. 17) requesting the court rule on the motions he filed prior to that date.

## II. Background

This court presided as a transferee court over two related multidistrict litigations ("MDLs"), MDL No. 3014 (the "Philips MDL"), Misc. No. 21-1230, and MDL No. 3021 (the "SoClean MDL"), Misc. No. 22-152. The Judicial Panel on Multidistrict Litigation ("JPML") transferred cases to the Philips MDL starting after the June 2021 recall of approximately 10,000,000 continuous positive air pressure ("CPAP") machines and other devices sold by Philips (the "Devices"). Until the filing of the master third-party contribution complaint in the Philips MDL, SoClean was not part of the Philips MDL.

All consumer class action claims filed against SoClean in the SoClean MDL were settled and discontinued on March 5, 2025 (Misc. No. 22-152, ECF No. 907). The only remaining claims in the SoClean MDL after that date involved disputes between SoClean and Philips arising from Philips' alleged disparagement of SoClean's marketing and selling of an ozone cleaning system for use with, among others, Philips' CPAP machines. The SoClean MDL was terminated on March 10, 2026, when the court granted a joint stipulation of dismissal filed by SoClean and Philips (Misc. No. 22-152, ECF No. 1066).

Dudley participated in the personal injury settlement in the Philips MDL and received payment through his attorney. On May 14, 2026, the court issued an opinion and order dismissing Dudley's subsequent case against Philips (Civil No. 25-269) with prejudice (Civil No. 25-269, ECF Nos. 41, 42), and explained that he had released his claims as part of that settlement.

Dudley initiated this case against SoClean days later, on May 28, 2026. In his complaint (which appears to have used the template for a Short Form complaint in the Philips MDL, but

substituted the caption for the SoClean MDL)[2] (ECF No. 2), Dudley asserts claims for personal injuries he allegedly suffered from his use of a Philips CPAP machine. Dudley alleges upon information and belief that the Philips CPAP devices were cleaned and sanitized using the SoClean ozone-based cleaning system prior to being provided to him. (ECF No. 2, ¶ 9). Dudley avers that he participated in the Philips MDL settlement. *Id.* ¶ 12. He contends that this case involves injuries not covered by that settlement. *Id.* ¶ 13.

In his proposed amended complaint (ECF No. 10-2), Dudley continues to plead that his injuries arose from his use of Philips CPAP devices and admits that he opted into the Master Settlement Agreement in the Philips MDL. *Id.* ¶¶ 5, 10. He continues to assert claims for personal injuries.

In his lawsuit against Philips (Civil No. 25-269), Dudley argued (as he does in this case) that he has <u>other</u> injuries resulting from his use of a Philips CPAP device that are not qualifying injuries covered by the settlement. This court dismissed Dudley's lawsuit against Philips with prejudice due to the Release he signed. The court explained, at length, the consequences of the Release signed by Dudley in exchange for receiving a settlement payout:

> In connection with that settlement, Dudley signed the Release required by the settlement agreement on January 31, 2025 (ECF No. 4193-3 at 7). That Release provided, in relevant part:
>
> > Once effective, this Release shall release any and all Released Claims I and the other Releasing Parties have, or may have in the future, whether known or unknown, against the Philips Defendants and the other Released Parties.
>
> ECF No. 4193-3 at 1.
>
> The claims that Dudley released were further defined in the agreement:

[2] There was no master long form complaint to be adopted by short form complaints in the SoClean MDL. Pretrial Order #5 in the SoClean MDL appointed a leadership development committee; it did not authorize short form complaints. (Misc. No. 22-152, ECF No. 51). There were no personal injury claims to be resolved in the SoClean MDL.

> **Released Claims** means **any and all** Personal Injury Claims, whether **known or unknown, suspected or unsuspected, accrued or unaccrued, concealed or hidden, past, present or future**, including for injuries not yet manifested and injuries or symptoms that develop further and/or are later worsened or exacerbated, **relating to a Recalled Device or the Philips RS recall programs**, including any alleged defects, delays or inadequacies relating to the Philips RS recall programs, as well as any claims or relief for medical screening and/or medical monitoring, whether in the form of monetary or non-monetary relief, including individual claims for monetary relief for medical monitoring, **except that Released Claims does not include Personal Injury Claims for a cancer that is unknown to the Registered Claimant as of the Registration Deadline.**

*Id.* (emphasis added).

Dudley acknowledged in the Release that he had the opportunity to consult with counsel before signing the release, assumed the risk of releasing unknown claims, and recognized that the release was intended to be as broad as possible:

> I acknowledge that I and/or any other Releasing Party may in the future learn of additional and/or different facts relating to the Released Claims. I understand and acknowledge the significance and consequences of releasing all of the Released Claims, whether known or unknown, and hereby (on my own behalf and on behalf of each other Releasing Party) **assume full risk and responsibility for any and all such additional and/or different facts and any and all Released Claims that I (and/or any other Releasing Party) may hereinafter incur or discover**. To the extent that any law may at any time purport to preserve my and/or any other Releasing Party's right to hereafter assert any such unknown and/or unanticipated Released Claim, I hereby (on my own behalf and on behalf of each other Releasing Party) specifically and expressly waive (to the fullest extent permitted by applicable Law) my and any other Releasing Party's rights under such Law. I further acknowledge having had an opportunity to obtain advice of counsel of my choosing regarding this waiver, and having **had the opportunity to discuss it with such counsel to my satisfaction**.
>
> On my own behalf and on behalf of each other Releasing Party, I acknowledge and agree that the releases set forth in this Release are irrevocable and unconditional, inure to the benefit of and may be enforced by each Released Party, and **are intended to be as broad as can possibly be created with respect to the Released Claims**.

*Id.* at 2 (emphasis added).

Dudley represented "that other than to enforce this Release, I will never (i) take any legal or other action to initiate, pursue, maintain, or otherwise attempt to execute upon, collect, or otherwise enforce, any of the Released Claims against any

> Released Party; (ii) institute or participate in any new legal action against any Released Party to any extent, or in any way, arising out of, relating to, resulting from and/or connected with the Released Claims. . . ." *Id.* at 4. There was an "Acknowledgement of Comprehension" in bold and all caps font. *Id.*

(Civil No. 25-269, ECF No. 41).

III. Discussion

Dudley did not address the validity of the Release in his responses to SoClean's pending motions. Instead, he argued generally that the motion to dismiss the first complaint in this case is moot because he plans to file an amended complaint; and the amended complaint addresses the issues raised in SoClean's motion to dismiss (ECF Nos. 11, 15). Dudley notes that Federal Rule of Civil Procedure 15 provides that courts should freely give leave to amend and asserts that SoClean will not be prejudiced by amendment.

SoClean argues that Dudley's claims are barred by the Release he executed. SoClean contends that amendment would be futile, Dudley acted in bad faith and further litigation would result in undue burden and delay (ECF No. 20). SoClean also argues that Dudley failed to properly serve SoClean.

The court concludes that the claims Dudley is attempting to assert in this lawsuit are barred by the Release.[3] This court summarized the legal principles involved in determining the effect of a release in the opinion dismissing Dudley's case against Philips:

[3] The court is authorized to consider the Release at this stage of the case because: (1) Dudley referenced the Master Settlement Agreement document containing the Release in his complaint ¶ 12; and (2) the court may take judicial notice of its prior opinion. *See Weisman Celler Spett & Modlin, P.C. v. Trans-Lux Corp.*, No. 12 CIV. 5141, 2014 WL 476348, at *2 n.1 (S.D.N.Y. Feb. 6, 2014) (rejecting argument that court may not consider a release in resolving motion to dismiss as frivolous because court may consider documents incorporated by reference in a complaint and judicial filings); *McTernan v. City of York, Pa.*, 577 F.3d 521, 526 (3d Cir. 2009) ("a court may take judicial notice of a prior judicial opinion").

A release "is nothing more than a contract negotiated between two or more of the private parties." *Three Rivers Motors Co. v. Ford Motor Co.*, 522 F.2d 885, 890 (3d Cir. 1975). The Release negotiated and executed by Dudley and Philips provided that it would be governed and construed in accordance with Pennsylvania law. (ECF No. 4193-3 at 5). "In Pennsylvania, the general rule for construction of releases is that the intention of the parties must govern, but this intention must be gathered from the language of the release." *Id.* at 892 (citing *Evans v. Marks*, 421 Pa. 146, 218 A.2d 802 (1966)). "A signed release is binding upon the parties unless executed and procured by fraud, duress, accident or mutual mistake." *Id.* (citation omitted).

In *Three Rivers*, the court of appeals stated: "Pennsylvania law is clearly that where the parties manifest an intent to settle all accounts, the release will be given full effect even as to unknown claims." *Three Rivers,* 522 F.2d at 896. The release of unknown claims does not offend public policy. *Id.* at 896 n.27. In *Three Rivers*, the court of appeals reversed a district court and remanded the case with instructions to grant a motion to dismiss where "the parties intended a complete settlement of accounts." *Id.* at 897; *accord Bickings v. Bethlehem Lukens Plate*, 82 F. Supp. 2d 402, 408 (E.D. Pa. 2000) ("Under Pennsylvania law, a release that bars unknown claims will be enforced, even if a party claims that it was unaware of the matter at the time the release was executed.").

Dudley's argument that the scope of the release must be limited to the scope of the underlying lawsuit is simply incorrect. *See McEachin v. Northland Grp., Inc*., No. 12 CIV. 3283 CM, 2012 WL 6582423, at *8 (S.D.N.Y. Dec. 14, 2012) ("Plaintiff could have insisted on releasing only the claims asserted in her prior lawsuit, or only those agents of [defendant] who participated in the activities alleged in her prior lawsuit, but she voluntarily signed a much broader release. She is bound by it.").[4] Dudley does not assert fraud, duress, accident or mutual mistake.

The court concludes that Dudley and Philips intended a very broad, general release of all claims, with the exception of a limited carve-out for cancers unknown to a plaintiff as of the Registration Date. That carve-out does not apply to the claims Dudley is attempting to assert in this lawsuit. Dudley released "all" known and unknown claims "relating" to a Recalled Device, except for the unknown cancer carveout. Contrary to Dudley's argument, the Release covers qualifying and non-

[4] Unlike *Talbert v. Corective. Dental Associates*, 731 F. App'x 145 (3d Cir. 2018), where the release set "forth the terms upon which the parties have agreed to settle all claims by Charles Talbert relating to any claims arising as a result of any action, care, treatment, or lack thereof **as set forth in the matter of Talbert v. Correctional Dental Associates, et al.** docketed with the United States District Court for the Eastern District of Pennsylvania at No. 2:15-cv-03230-LS," *id.* at 148-49 (emphasis added), the Release signed by Dudley does not include that kind of limitation; instead, he agreed to a general release of all claims, except for unknown cancer claims.

> qualifying injuries, regardless whether they were compensated under the settlement or not. The Release is not limited to a narrow category of injuries arising from the 2021 Recall. To the contrary, the language of the Release, which Dudley executed after a full opportunity to consult with counsel, is intended to be as broad as possible. It covers claims past, present and future, and known and unknown claims, except the unknown cancer claims. Applying the applicable law, it is clear as a matter of law that Dudley released the claims he is attempting to assert in the complaint in this case (Civil Action No. 25-269).

(Civil No. 25-269, ECF No. 41).

The dispositive question is whether the Release bars the claims Dudley is attempting to assert against SoClean in this case.

The Agreement broadly defined "Released Parties" in relevant part, as follows:

> **Released Parties means any individual who, or entity that, is or could be responsible or liable in any way whatsoever, whether directly or indirectly, for Released Claims.** Without in any way limiting the foregoing, the Released Parties include, without limitation . . . In addition, **Released Parties includes the Ozone Cleaning Companies.** For the avoidance of doubt, nothing herein precludes the Philips Defendants from pursuing contribution claims against the Ozone Cleaning Companies.

Misc. No. 21-1230, ECF No. 2768-1 at 5-6 (emphasis added).

The term "Ozone Cleaning Companies" is also defined in the Agreement, as follows:

> Ozone Cleaning Companies means manufacturers of ozone-based cleaning devices for CPAP, BiPAP, ventilator or other similar devices, as well as their former, present, and future owners, shareholders, directors, officers, employees, attorneys, affiliates, parent companies, subsidiaries, predecessors and successors, including, but not limited to, **SoClean Inc.** and DW Management Services, LLC d/b/a DW Healthcare Partners.

*Id.* at 3 (emphasis added).

In sum, Dudley broadly released any and all personal injury claims he may have had against SoClean (with the exception of a limited carve-out for cancers unknown to a plaintiff as of the Registration Date, which is not part of his lawsuit in this case).[5] The court dismissed

[5] To the extent that Dudley is attempting to assert economic loss claims related to the cost of his devices (as opposed to costs he incurred for medical expenses and treatment as a result of his personal injuries,

Dudley's claims against Philips in Civil No. 25-269 with prejudice based on the Release. The same result is appropriate for the claims Dudley is attempting to assert against SoClean in this case (Civil No. 26-982). Dudley released those claims as part of the settlement.

Pro se plaintiffs, like Dudley, should be given an opportunity to file an amended complaint, unless amendment would be inequitable or futile. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). On the other hand, complaints that set forth facts which affirmatively demonstrate there is no right to recover are properly dismissed without leave to amend. *Dooley v. Wetzel*, 957 F.3d 366, 376 (3d Cir. 2020) (citing *Grayson v. Mayview State Hospital,* 293 F.3d 103, 106 (3d Cir. 2002)).

Here, the court considered both Dudley's first complaint against SoClean and his proposed amended complaint against SoClean (ECF Nos. 2, 10-2). In both complaints, Dudley admits that he used Philips CPAP devices and that he opted into the Master Settlement Agreement in the Philips MDL. *Id.* ¶¶ 5, 10. He asserts claims against SoClean for personal injuries he allegedly suffered due to his use of the Philips CPAP devices. It is abundantly clear (as this court explained at length when dismissing Dudley's case against Philips) that the claims Dudley is attempting to assert against SoClean are not tenable. Amendment would be futile, inequitable, and would cause unwarranted cost and delay.

---

*see* Amended Complaint § F), he lacks standing because his economic loss claims were assigned to Philips as part of the class settlement (Misc. No. 21-1230, ECF No. 2279-1 ¶ 5.1).

## IV. Conclusion

For the reasons set forth above, SoClean's motion to dismiss the complaint (ECF No. 6) will be granted, and Dudley's motion for leave to file an amended complaint (ECF No. 10) will be denied. The complaint will be dismissed with prejudice. The remaining motions will be denied as moot and this case will be marked closed.

An appropriate order will be entered.

Dated: October 7, 2026

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge